IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| William D. Sibert, | C/A. No. 3:17-cv-3435-CMC-KDW |
| Plaintiff, | |
| v. | |
| Raycom Media, Inc., Adam Cannavo, and Lyle Schulze, | **Opinion and Order** |
| Defendants. | |

Through this action, William D. Sibert ("Sibert") seeks recovery for events relating to his employment with WIS-TV, an entity owned by Defendant Raycom Media, Inc. ("Raycom"). Sibert asserts statutory discrimination claims against Raycom under the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA") and the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq. ("ADEA"). He asserts a state common law claim for intentional infliction of emotional distress ("IIED") against Defendants Adam Cannavo ("Cannavo") and Lyle Schulze ("Schulze").

The matter is before the court on motion of all Defendants for dismissal of all claims. For reasons set forth below, the motion is granted as to the IIED claim and denied as to the ADA and ADEA claims. In light of this ruling, Defendants Cannavo and Schulze are dismissed from this action.

**Report and Recommendation**

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2), D.S.C., this matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial proceedings and a Report and Recommendation ("Report") on any dispositive motions. On March 19, 2018,

the Magistrate Judge issued a Report recommending Defendants' motion to dismiss be granted as to the IIED claim and denied as to the ADA and ADEA claims. ECF No. 15.

The recommended dismissal of the IIED claim relied on a single ground: Sibert's failure to allege facts sufficient to support all elements of this claim. *Id.* at 21; *see also id.* at 18 ("assuming without deciding that the [South Carolina Workers Compensation Act's ("SCWCA")] exclusivity provision would not bar Plaintiff from pursuing his IIED claim against Cannavo and Schulze"). In support of this recommendation, the Report addresses additional allegations included in Sibert's present Complaint that were not included in his Complaint in an earlier action asserting a similar claim against Raycom, Cannovo, and Schulze, which was dismissed for failure to state a claim.[1]

The Magistrate Judge advised the parties of their right to object to the Report and the time within which objections must be filed. Only Plaintiff filed objections, challenging dismissal of his IIED claim. ECF No. 17. Defendants filed a memorandum in opposition to Plaintiff's objections. ECF No. 19.

**STANDARD**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a de novo determination of any portion of the Report to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or

---

[1] The earlier action, *Sibert v. Raycom Media,, Inc.*, C.A. No. 15-cv-1544-CMC ("*Sibert I*") was dismissed for failure to state a claim for two reasons. First, Sibert failed to allege deliberate or specific intent to injure as required to remove the claim from the SCWCA's exclusivity bar. *Sibert I*, ECF No. 22 at 14. Second; Sibert failed to allege facts sufficient to support all elements of an IIED claim.

2

recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of a specific objection, the court reviews only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) ("in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note)).

## DISCUSSION

**I. Recommended denial of motion to dismiss ADA and ADEA claims**

Because there is no objection, the court has reviewed the recommended denial of the motion to dismiss the ADA and ADEA claims for clear error. Finding none, the court adopts both the reasoning and recommendation of this aspect of the Report.

**II. Recommended grant of motion to dismiss IIED claim**

Through his objections, Sibert argues the Report errs in recommending dismissal of his IIED claim. In doing so, he misreads the Report to recommend dismissal based both on application of the SCWCA's exclusivity bar and based on a failure to allege facts sufficient to support all elements of an IIED claim. The Report relies only on the second ground. It is, therefore, the only ground to which an objection may properly be directed.

The Report recognizes Sibert includes additional allegations in support of his IIED claim that were not alleged in *Sibert I*. It, therefore, compares the allegations in the Complaint in this action to those the undersigned found insufficient in *Sibert I*. ECF No. 15 at 20 (listing "new" allegations) *see also id.* at 14-15 (noting longer list of allegations on which Sibert relies in opposing dismissal of his IIED claim). Based on this comparison, the Report opines as follows:

3

> Even with these additional allegations[,] . . . Plaintiff fails to set out a plausible IIED claim against Defendant[s] Cannavo or Schulze. Expressly labeling some of Defendants' actions as "intentional" and claiming Defendants intended to "force Plaintiff out" do not change the facial plausibility of his IIED cause of action. On its face, the described behavior simply does not "exceed all bounds of decency" and cannot be considered "utterly intolerable in a civilized society." [*Hansson v. Scalise Bldrs. of S.C.*, 650 S.E.2d 68, 70 (S.C. 2007).] Nor does describing the claimed stress and anxiety experienced as "severe" transform it into stress and anxiety "'so severe that no reasonable man could be expected to endure it.'" *Id.* at 72 & n.3 (quoting Restatement (2d) of Torts, § 46 cmt. j.). In the employment context, mere termination or unpleasant conduct by supervisors does not rise to the level of actionable IIED. *See, e.g.*, *Alonso v. McAllister Towing of Charleston, Inc.*, 595 F. Supp. 2d 645, 649-50 (D.S.C. 2009).

ECF No. 15 at 21.

Sibert argues this recommendation is error. In doing so, he summarizes his allegations of actionable conduct as consisting of "consciously scheduling meetings on a different floor that would require Plaintiff to painfully walk a great distance when other meeting rooms were available, altering Plaintiff's job duties which would be more physically demanding, and forcing Plaintiff out of a position he held for years[.]" ECF No. 17 at 3. Sibert asserts these allegations are sufficient to support a finding of "utterly intolerable conduct" as required for an IIED claim. *Id.* He details his allegations in support of this claim, emphasizing allegations Cannavo and Schulz "**intentionally** foster[ed] hardship . . . designed to cause his retirement," **knowingly and intentionally made a conscious effort to cause Plaintiff pain** in the workplace," "**purposefully** scheduled [a meeting] at a distant point," "**knew** that [requiring Plaintiff to travel the required distance] **would be extremely painful** because of his disease," and their actions relating to the meeting resulted in Sibert being "unable to attend and **suffer[ing] severe emotional distress and anxiety** causing him to miss an entire day of work." *Id.* at 4 (emphasis in original).

Certainly, Sibert has added some allegations to those found inadequate in *Sibert I*. Many of the added allegations are characterizations of Cannavo and Schulz's intent and Sibert's injuries.

4

However, the core allegations are either the same or of the same character as those in *Sibert I*. Thus, while the court will assume for present purposes that Cannavo and Schulz's alleged actions were insensitive and inappropriate and may support ADA and ADEA claims against Raycom, they do not "exceed all bounds of decency" and cannot be considered "utterly intolerable in a civilized society." *Hansson*, 650 S.E. 2d at 70. Neither do the allegations support an inference the stress and anxiety Sibert suffered, which caused him to miss a day of work, was "so severe that no reasonable man could be expected to endure it." *Id.* at 72. Thus, for much the same reasons as in *Sibert I*, the court concludes the allegations are insufficient to support an IIED claim.

## CONCLUSION

For the reasons set forth above, the court adopts the rationale and recommendation of the Report, denies Defendants' motion to dismiss as to the ADA and ADEA claims, grants the motion to dismiss as to the IIED claim, and dismisses Defendants Cannavo and Schulz from this action.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie<br>
CAMERON McGOWAN CURRIE<br>
SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
April 19, 2018